**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 6 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK KANE, an individual, | No. 23-15534 |
| Plaintiff-Appellant, | D.C. No. 3:22-cv-04583-WHO |
| v. | |
| MATSON NAVIGATION COMPANY, a Hawaii corporation; THEODORE E. BERNHARD, an individual, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted April 10, 2024
San Francisco, California

Before: TASHIMA, GRABER, and SUNG, Circuit Judges.

Mark Kane, a crewmember on the M/V Kaimana Hila, sued the ship's

owner, Matson Navigation Co., and its captain, Theodore E. Bernhard, alleging

state law and maritime claims arising out of the termination of his employment.

Kane appeals the district court's partial grant of the motion to dismiss in favor of

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Matson on Kane's claims relating to the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900 *et seq.*, breach of contract, and breach of the implied covenant of good faith and fair dealing. We have jurisdiction under 28 U.S.C. § 1292(a)(3). Reviewing de novo, *Bain v. Cal. Tchrs. Ass'n*, 891 F.3d 1206, 1211 (9th Cir. 2018), we affirm.

1. We agree with the district court that Kane's FEHA claim must be dismissed because FEHA does not apply extraterritorially in this case. To determine whether FEHA applies extraterritorially, we consider whether Kane "plead[ed] a sufficient basis of facts to establish that [his] work holds a substantial connection to California." *Sexton v. Spirit Airlines, Inc.*, No. 2:21-CV-00898-TLN-AC, 2023 WL 1823487, at *3 (E.D. Cal. Feb. 8, 2023) (citing *Elzeftawy v. Pernix Grp., Inc.*, 477 F. Supp. 3d 734, 777 (N.D. Ill. 2020)). Whether Kane's work holds a substantial connection to California depends on (1) the situs of his employment and (2) the material elements of the cause of action. *Id.*

The situs of employment "consists of the employee's 'principal place of work,' 'definite base of operations,' or the location where the employee's work holds a substantial connection to." *Id.* (citation omitted). The facts alleged in the operative Second Amended Complaint establish that Kane's principal place of work was on the high seas. Kane argues that the allegations show he had a definite base of operations in California, but we disagree because Kane boarded and

2

departed ships at locations in both Hawaii and California.

"To determine whether the material elements of the cause of action established a substantial connection to California, [we look] to the location of where the core of the alleged wrongful conduct occurred." *Id.* at *4. In this case, the core of the alleged wrongful conduct—Kane's termination—occurred while the ship was on the high seas. Kane points out that Matson later issued him a letter from its California office, documenting the termination and barring him from being hired at Matson for two years, but the letter was ancillary to the termination and therefore does not establish a substantial connection to the state. Additionally, Kane's California residency does not establish a substantial work connection to California. *Ward v. United Airlines, Inc.*, 466 P.3d 309, 323 (Cal. 2020).

2. We also agree with the district court's conclusion that Kane's contract claims must be dismissed because the letter of warning was not a contract. To plead claims for breach of contract or the implied covenant of good faith and fair dealing, Kane had to plausibly allege the existence of a valid contract. *See Troyk v. Farmers Grp., Inc.*, 90 Cal. Rptr. 3d 589, 628 (Ct. App. 2009); *Vylene Enters., Inc. v. Naugles, Inc.* (*In re Vylene Enters., Inc.*), 90 F.3d 1472, 1477 (9th Cir. 1996) (citation omitted). A valid contract under either state or maritime law requires: (1) parties that are capable of contracting; (2) their consent; (3) a lawful object; and (4) "[a] sufficient cause or consideration." Cal. Civ. Code § 1550. The

3

requirement of sufficient cause or consideration is not met, because the letter of warning does not include any promise that confers a benefit on Kane or prejudices the promisor. *See* Cal. Civ. Code § 1605; *Prop. Cal. SCJLW One Corp. v. Leamy*, 236 Cal. Rptr. 3d 500, 508–09 (2018). At most, the letter of warning warns Kane that he may be terminated if his actions do not comply with Matson's standards.[1]

**AFFIRMED.**

---

[1] Because we determine that the letter of warning is not a valid contract, we do not reach the issue of whether Kane's contract claims are preempted or barred by the six-month statute of limitations set forth in § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.